### The Hocking Coal & Ore Transfer Co. v. John Voght.

NEGLIGENCE OF PARTY INJURED DEFEATS HIS RIGHT OF RECOVERY.

> Where an employee, without any business or need in the prosecution of his work, but solely from his own notion or curiosity, walks upon tracks of a traveling elevator or derrick, and there meets with an accident, such action on his part constitutes sheer carelessness for which he cannot recover there being no negligence on the part of those in charge of such elevator or derrick.

KING, J.

We have read all of the record in this case that pertains to the negligence, either of the defendant below or the contributory negligence of the plaintiff below, and we have come to the conclusion that the verdict and judgment in this case is not supported by the evidence and the law. The undisputed evidence of the plaintiff and of the witnesses called by him, who saw this accident, disclosed the fact to be that the plaintiff, without having any business or need in the prosecution of his work, but solely from his own notion or curiosity, walked upon that place with his foot upon a railway track, where a machine known as an elevator or derrick was then near, where the machine was then standing, where it was accustomed to work and travel. We think that on his part was negligence. If he placed his foot there, and allowed it to remain until this machine run over him, he can't recover for that kind of an accident. He swears that he did not see this machine traveling up and down that track; but the undisputed evidence in the case is that it had been at work there all the day he was injured. He was injured at about 4:00 o'clock. That had made trips up and down the track, only 200 feet in length, all of which was in range of his vision. He had finished his work in unloading a car, and got down from it to go and together with his co-workmen, get another car and push it up in the same place. On their way they were going to stop at a pump and get a drink of water. The pump and the car that he was going to get were not across nor in the direction of the track upon which the derrick was running. He had no occasion to go upon that track either, to go to the pump or the car. None of his fellow workmen did go upon this track, nor did any of them, in their testimony, know how he got there. That he did get his foot over the rail, is a fact in the case. How he could have done that, except from sheer carelessness, we cannot understand.

We think that the motion of the plaintiff to take the case from the jury ought to have been granted, for all the testimony in the case indicates, and that of the plaintiff indicates, clearly, that it was carelessness on his part by which he was injured. Probably he went and stood there doing something, perhaps lighting his pipe—some of the witnesses say rolling a cigarette—but he was doing something with his back towards this derrick, within five feet of it, when it started up and passed over his foot.

We do not think there is any evidence of negligence on the part of the defendant. The defendant had a right to have this machine and the evidence does not show it was not constructed like every other machine of the same kind. Defendant had a right to have it upon this track and use it for its purposes. Upon the defendant was the obligation to furnish one reasonably safe for the work to be performed, and I think the evidence shows that it did it in furnishing this. It is not enough to say that it did not furnish it with a steam whistle, or a locomotive bell, or a sufficient supply of windows. The company had a right to leave off the whistle and bell if it saw fit. This derrick ran on a different gauge than any other wheeled vehicle in the yard—a guage 15 feet wide—on a track 200 feet long, and ran at no other place than upon those two rails 200 feet in length, and it was not required to be fitted up with those apparatus for giving alarms that are provided for locomotives running through the country.

So this judgment will have to be reversed..

*McDonnell* and *J. M. Ritchie*, Attorneys for Plaintiff.

*King* and *Tracy*, Attorneys for Defendant.

NOTE.—This case was first tried to a jury, before Judge Pugsley, at the January, 1896, term of common pleas court, and resulted in a disagreement. It was again tried to a jury, before Judge Morris, at the April term, 1896, with a like result. The third trial occurred at the September, 1896, term, before Judge Pratt and a jury, and resulted in a verdict for plaintiff of $2,000. Thereupon error was prosecuted to circuit court with above result.

Editor LEGAL NEWS.